**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0748n.06

No. 11-5201

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jul 11, 2012*

LEONARD GREEN, Clerk

FRANCES WALKER,

      **Plaintiff-Appellant,**

v.

FEDERAL EXPRESS CORPORATION;
ADP BENEFIT SERVICES, D/B/A/ CLAIMS
SERVICES GROUP, INC.,

      **Defendants-Appellees.**

_____/

**ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE**

BEFORE:    SUHRHEINRICH, MOORE, and CLAY, Circuit Judges.

**CLAY, Circuit Judge.**   Plaintiff Frances Walker, the wife of the now deceased Clyde Walker, appeals the district court's order granting summary judgment in favor of Defendants Federal Express Corporation and ADP, Inc. Plaintiff filed her claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* and 29 U.S.C. § 1132 *et seq.*, seeking benefits as the beneficiary under the Federal Express Corporation's ERISA insurance policy.

For the reasons discussed below, we **AFFIRM** the order of the district court.

# BACKGROUND

## I.      Procedural History

Plaintiff filed her complaint in the United States District Court for the Western District of Tennessee on December 17, 2009 on behalf of her deceased spouse, Clyde Walker ("Walker"), alleging an ERISA violation pursuant to 29 U.S.C. § 1001 *et seq.* against Defendants Federal Express Corporation ("FedEx") and ADP, Inc. ("ADP").  On July 14, 2010, ADP filed a motion to dismiss.  Defendants FedEx and ADP independently filed motions for summary judgment on October 1, 2010.  The district court granted ADP's summary judgment motion on November 19, 2010 on the basis that (1) ADP is not an ERISA fiduciary; and (2) that Plaintiff failed to state a statutory claim under ERISA.  The district court also granted FedEx's motion for summary judgment on January 4, 2011, finding that the provisions of ERISA under which Plaintiff sued did not provide for individual relief and that ERISA did not impose a duty to provide individualized notification to a plan participant of the right to convert a group life insurance to an individual policy.  Plaintiff timely filed her notice of appeal on February 2, 2011.

## II.     Facts

Plaintiff is a resident of Memphis, Tennessee and is the widow of Clyde Walker, a former employee for Defendant FedEx.  Walker was hired on November 17, 1983 and worked as a Senior Supply clerk for FedEx from 1994 until his death on June 9, 2002.  As an employee with FedEx, Walker exercised his right to participate in the company's group term life insurance policy.  He

enrolled in the company's Basic Plan and the Optional Plan.[1] After suffering a debilitating stroke, Walker requested a personal leave of absence and was granted time off by FedEx starting on October 24, 2001. According to FedEx's Employee Benefits Administration Department ("EBA"), "when an employee is on a personal leave of absence, premiums for group health coverage and life insurance coverage are no longer deducted from the employee's paycheck, but must be remitted by the employee to FedEx." Walker continued to pay his life insurance premiums in accordance with the EBA's policy in order to maintain his group benefit coverage during his leave of absence.

FedEx terminated Walker's employment on March 24, 2002 after Walker failed to return to work from his illness. On April 17, 2002, Walker received a letter from FedEx's EBA Department advising him that he owed $391.20 for his insurance premium for health, life, and accidental death and disability by May 3, 2002. The letter also stated that failure to make the required payment would result in termination of Walker's insurance coverage. Walker deposited a check in the mail to FedEx for the allotted amount on or about April 19, 2002.

Walker's release from FedEx also triggered his right to convert his FedEx group life insurance coverage to an individual life insurance policy. The parties dispute whether ADP sent Walker a Consolidated Omnibus Budget Reconciliation Act (COBRA) election notice packet. FedEx stated in its answer to Plaintiff's complaint that its records show two COBRA elections

---

[1]The Basic Plan "provides coverage only to FedEx employees, with the entire participation cost paid by FedEx." (R.25: FedEx Mot. for Summ. J. ¶ 7.) The plan "provides life insurance coverage in an amount equal to one and one-half times the employee's basic annual salary up to a maximum of $100,000." (*Id*.) The Optional Plan "provides coverage to FedEx employees and their eligible dependents, with the entire cost paid by the FedEx employee." (*Id*. ¶ 8.) Both plans allow eligible employees to convert the group life insurance policies to individual policies. (*Id*. ¶ 9.)

packets were sent to Walker on April 30, 2002, and the other one was sent on May 1, 2002, which included a Life Insurance Conversion Information form.[2] Both packets were sent by First Class mail. ADP sent two notices because Walker had two different addresses listed at the time of his termination. The conversion form notified Walker that if he or his dependents wished to exercise his right to conversion he must contact the EBA for an application and submit the appropriate materials to the insurance company within thirty-one days after receipt of the conversion letter. The conversion form also indicated that the deadline for applications could not be extended under any circumstances. According to Defendants, Walker had thirty-one days from May 1, 2002 to submit a conversion application to the EBA. Plaintiff stated that the family never received any information from Defendants regarding the conversion notice or any other benefits for the decedent. Walker died on June 9, 2002. Prior to his death, Walker did not convert his group policy to an individual life insurance policy, or submit premium payments to either of FedEx's insurance providers. As a result, Walker's beneficiaries did not receive any life insurance payment upon Walker's death.

Walker's step-daughter contacted FedEx's EBA on June 27, 2002 to inquire about his individual life insurance benefits. The EBA referred the matter to the appropriate insurance companies. FedEx issued a refund check in the amount of $91.04 to Walker's estate in July 2002 for the overpayment of his premiums from March 25, 2002 through May 31, 2002.

---

[2]ADP and FedEx entered into a Professional Services Agreement ("PSA") on May 1, 2000. (Def. ADP Br. 4.) According to the PSA, FedEx contracted with ADP to "provide the initial COBRA qualifying event notification. . . to employees and their dependants regarding COBRA continuation coverage rights and detect and generate appropriate notifications, letters, confirmation statements, coupons, etc. for FedEx benefit plans." (*Id*.)

On July 5, 2006, Plaintiff sent a letter to FedEx requesting decedent's life insurance benefits and also faxed a copy of the April 19, 2002 check in the amount of $391.20 that Walker had submitted to FedEx. FedEx's EBA responded in a letter dated July 9, 2007, stating that Walker or his dependents failed to contact EBA concerning his life insurance benefits until late June 2002, which was well past the thirty-one days allowed for conversion to an individual policy.

Plaintiff appealed the EBA's decision pursuant to ERISA to FedEx's Benefit Review Committee on August 19, 2007. The Benefit Review Committee issued a decision on April 9, 2008 denying Plaintiff's appeal. In its denial letter, the Committee stated that Walker failed to convert his life insurance policy into an individual policy within thirty-one days following the conversion notice. After this denial, Plaintiff made a request for all "monies owed, a copy of the Plan document, the Summary Plan Description, any insurance policies or third party agreement, any brochures or benefit statements and a summary of all benefits paid to Plaintiff and a written breakdown of the benefits due and owing" pursuant to ERISA, 29 U.S.C.§ 1023 *et seq.*

## DISCUSSION

### I. Standard of Review

We review *de novo* a district court's grant of summary judgment. *Shields v. Gov't Employees Hosp. Ass'n, Inc.*, 450 F.3d 643, 646 (6th Cir. 2006). Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the evidence in the light most favorable to the plaintiff. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

## II.     Plaintiff may not seek individual recovery under § 1132(a)(2)

Plaintiff asserts that she is entitled to the recovery of her husband's life insurance benefits because FedEx breached its fiduciary duty when it failed to provide documentation that it served a COBRA packet to Walker containing a life insurance conversion form. Plaintiff further claims that FedEx abused its discretion by providing an inadequate explanation as to why Walker did not receive his notice of conversion form after his employment was terminated.

We reject Plaintiff's argument on the basis that § 1132(a)(2) precludes Plaintiff from recovering decedent's life insurance benefits. According to the statute, "a civil action may be brought by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." Section 1109 states the following:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. . . .

29 U.S.C. §1109(a). The parties do not dispute that FedEx served as a fiduciary with respect to the plan; however, § 1132(a)(2) bars Plaintiff's recovery for individual relief in the form of payment for the individual insurance policy and requires Plaintiff to allege injury with respect to the actual plan. The Supreme Court stated as much in *Massachusetts Mut. Life Ins. Co. v. Russell*, when it held that § 1109(a) provides relief only for a plan and precludes recovery for individual participants. 473 U.S. 134, 140–44 (1985). The Court explained that "[a] fair reading of the [ERISA] statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets,

and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." *Id.* at 140. We continue to follow this precedent. *See Bryant v. International Fruit Prod. Co.,* 886 F.2d 132, 135 (6th Cir. 1989) (per curiam) ("the language regarding fiduciary duty suits in section 1109 makes clear [that] ERISA contemplates that breaches of fiduciary duties injure the plan, not individual beneficiaries, and any recovery thus goes to the plan"); *Kuper v. Iovenko,* 66 F.3d 1447, 1452–53 (6th Cir. 1995) ("ERISA does not permit recovery by an individual who claims a breach of fiduciary duty. Instead, § 1109 contemplates that breaches of fiduciary duty injure the plan, and, therefore any recovery under such a theory must go to the plan."); *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 608 (6th Cir. 2007) ("Plaintiffs cannot bring suit under § 1132(a)(2) to recover personal damages for misconduct, but rather must seek recovery on behalf of the plan.").

Plaintiff's reliance on *LaRue v. Dewolff, Boberg and Associates, Inc.*, 552 U.S. 248 (2008), is misplaced. In *LaRue*, the plaintiff participated in a defined contribution pension plan offered by his employer, *DeWolff, Boberg and Associates* ("DeWolff"), which allowed him to direct investments in accordance with the company's policies and procedures. *Id.* at 250–51. The plaintiff alleged that he instructed one of the DeWolff associates to make changes to his investments but the associate failed to do so. As a result, the plaintiff "claimed that this omission 'depleted' his interest in the Plan by approximately $150,000, and amounted to a breach of fiduciary duty under ERISA." *Id.* at 251. The Supreme Court found that DeWolff breached its fiduciary duty because the conduct violated § 409(a), which relates to the "proper management, administration, and investment of fund

7

assets," and that provision authorizes recovery for "fiduciary breaches that impair the value of plan assets in a participant's individual account." *Id*. at 253, 256.

The Supreme Court, however, limited the scope of its holding to only defined contribution plans and did not disrupt the Court's prior holding in *Russell.* The Court explained this distinction by stating that "[f]or defined contribution plans . . . fiduciary misconduct need not threaten the solvency of the entire plan" but rather "[w]hether a fiduciary breach diminishes plan assets payable to all participants and beneficiaries, or only to persons tied to particular individual accounts [] creates the kind of harms that concerned the draftsmen of § 409." *Id*. at 255–56. The misconduct alleged in *LaRue* is evident by the fact that the plaintiff's employer failed to follow his investment directions, when the employer was required to so.

The district court narrowly applied *LaRue* to only defined contribution pension plans and concluded that since Plaintiff seeks recovery of life insurance benefits, her claim is beyond the scope of *LaRue*. We agree. *LaRue* does not open the door for individual relief under the circumstances presented in this case. Plaintiff's complaint alleges that she is an aggrieved beneficiary under the Plan, has suffered harm, and is qualified to bring the instant action seeking redress in this Court as the only remedy under law pursuant to 29 U.S.C. § 1132(a). However, the record does not support Plaintiff's claim that Defendants violated their duty with respect to anything other than Plaintiff's individual claim. In addition, the record does not provide any facts that tend to show that any claim besides Plaintiff's was mishandled or that even if mishandling was found to have occurred, such conduct reached beyond Plaintiff and caused plan wide injury. Under these circumstances, it is difficult to characterize the remedy Plaintiff seeks as anything other than personal. Therefore,

Plaintiff may not recover individualized benefits from FedEx and ADP for breach of fiduciary duty based upon the plain language of ERISA and the relevant case law. We conclude that the grant of summary judgment in favor of Defendants was appropriate.[3]

### III. ADP is not a fiduciary under ERISA

Plaintiff also claims that the district court erroneously concluded that ADP is not a fiduciary as defined by ERISA. Plaintiff argues that ADP acted as a fiduciary because it exercised "management" and "control" over the ERISA plan by "providing biographical information on benefits to the plan participants" and therefore owes a fiduciary duty.

The district court found that ADP was not a fiduciary within the meaning of ERISA and could not have breached a fiduciary duty to Plaintiff. The district court explained that the "undisputed evidence shows that ADP's role was limited to sending conversion notices" and Plaintiff failed to provide evidence that ADP's role involved more than performing administrative duties. We agree with the district court that ADP is not a fiduciary under ERISA.

First, the statutory definition of a fiduciary defeats Plaintiff's claim. ERISA defines a fiduciary as follows:

---

[3]The effect of any remedy would be to compel Defendants to pay benefits due under the terms of the ERISA plan. Because the administrator used his discretional authority to deny benefits to Plaintiff, we would review the denial of benefits under an arbitrary or capricious standard. *Bennett v. Kemper Nat'l Servs., Inc.,* 514 F.3d 547, 552 (6th Cir. 2008). Clearly Plaintiff cannot avoid the arbitrary or capricious standard in reviewing the decision of the administrator by arguing around it. *See Varity Corp v. Howe*, 516 U.S. 489, 513 (1998) ("characterizing a denial of benefits as a breach of a fiduciary duty does not necessarily change the standard a court would apply when reviewing the administrator's decision to deny benefits"). The facts of this case do not support a conclusion that the administrator's opinion was arbitrary or capricious. Accordingly, dismissal is also warranted under this additional basis.

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. . . .

29 U.S.C. § 1002(21)(A). The fiduciary obligations imposed by ERISA are implicated only where an employer acts in its fiduciary capacity. "ERISA defines fiduciary . . . in *functional* terms of control and authority over [a] plan." *DeLuca v. Blue Cross Blue Shield of Michigan*, 628 F.3d 743, 747 (6th Cir. 2010) (citation and internal quotation marks omitted). Thus, we examine the conduct at issue to determine whether it constitutes 'management' or 'administration' of the plan, giving rise to fiduciary concerns, or merely a business decision that has an effect on the ERISA plan not subject to fiduciary standards." *Hunter v. Caliber System, Inc.,* 220 F.3d 702, 718 (6th Cir. 2000) (internal quotation marks and alterations omitted).

Applying a functional analysis to this case, the record indicates that ADP had a limited role in administering FedEx's benefit plans and was not directly involved in Plaintiff's dispute over the decedent's life insurance benefits. Plaintiff never contacted ADP but did contact FedEx to determine the status of decedent's life insurance policy. Furthermore, ADP never attempted to insert itself in Plaintiff's appeal process. Rather, Plaintiff followed FedEx's appeal and review process and it was the FedEx EBA who sent the rejection letter to Plaintiff's beneficiary indicating that her appeal had been denied.

Additionally, the PSA between FedEx and ADP explicitly stated that ADP is not a fiduciary under ERISA, nor did ADP have any authority to perform managerial functions with respect to the plan. Section 6.05 of the PSA stated in pertinent part:

> [FedEx] expressly acknowledges that contractor is not the "administrator" or "plan administrator" as defined in section 3(16)(A) of ERISA and section 414(g) of the internal revenue code of 1986, as amended (the"code"), respectively, nor is contractor a "fiduciary" within the meaning of ERISA section 3(21), and [FedEx] shall not request or otherwise [ADP] to act as such. [ADP] shall not exercise any discretionary authority or discretionary control respecting management of any benefit plan or management or disposition of any benefit plan assets.

(R.24–3: Ex A. PSA Agreement, 7.) Based on the terms of the agreement, ADP was not an ERISA fiduciary because the agreement did not grant discretionary authority to ADP over the management of the plan. ADP is also not a fiduciary because it did not perform a fiduciary function with respect to any aspect of its involvement with the plan. We find persuasive the Department of Labor's Interpretive Bulletins Relating to ERISA in our analysis. According to the bulletin, a non-fiduciary is defined as "a person who performs purely ministerial functions for an employee benefit plan within a framework of policies, interpretations, rules, practices, and procedures made by other persons . . . [and] such [a] person does not have discretionary authority or discretionary control respecting management of the plan. . . ." 29 C.F.R. § 2509.75-8. Plaintiff argues that the aforementioned tasks give rise to fiduciary responsibilities, but to the contrary, ADP's duties, which included mailing conversion notices and collecting biographical information, were purely ministerial in nature. *See Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 455 (6th Cir. 1991) (per curiam) (noting "that a person without the power to make plan policies or interpretations but who performs purely ministerial functions such as processing claims, applying plan eligibility rules, communicating with

11

employees, and calculating benefits, is not a fiduciary under ERISA")*; see also Flacche v. Sun Life Assur. Co. of Canada*, 958 F.2d 730, 734 (6th Cir. 1992) (finding that the company performed "only ministerial functions with respect to the plan" when the company merely paid claims but the company did not demonstrate that it had "discretionary control over the management of plan assets or administration of the plan").

The Department of Labor interpretive bulletins also define the term "fiduciary." According to the bulletin, a person who confers only "administrative functions" such as "advising participants of their rights and options under the plan" are not fiduciaries because they have "no power to make any decisions as to plan policy, interpretation, practices or procedures." 29 C.F.R. § 2509.75-8 D-2. Because the ERISA plan did not grant discretionary authority or control over the plan and ADP performed only ministerial duties with respect to the ERISA plan, the district court properly found that ADP is not an ERISA fiduciary.

**IV.     ERISA does not require FedEx or ADP to notify individuals of their life insurance conversion rights**

Lastly, Plaintiff argues that ERISA requires Defendants to notify individuals of their life insurance conversion rights.

The district court found that ERISA does not require post-termination notice of life insurance conversion rights. Neither the district court nor any of the parties direct us to case law in this Circuit; instead, they rely on statutory language and cases from other circuits. What is clear, however, and therefore controlling in our opinion is the fact that ERISA does not contain any provision that requires a plan administrator to provide notice to plan participants other than a summary plan description and information of the benefits plan as discussed under 29 U.S.C. §§ 1021(a)(1) and

1022. *see Cf. Maxa v. Alden Life Ins. Co.*, 972 F.2d 980, 986 (8th Cir. 1992) (noting that "fiduciaries should be able to rely upon the detailed and uniform guidance ERISA provides with regard to disclosure requirements rather than bearing the practically impossible burden of anticipating, and comprehensively addressing, the individualized concerns of thousands of employees, especially without notice of those concerns"). Plaintiff does not argue that she never received a copy of the summary plan description or other statutorily required information and the record indicates that Plaintiff had copies of the summary plan description for her review.

Furthermore, Defendants notified Plaintiff's husband Walker on two separate occasions of his conversion rights. Defendants placed in the mail conversion notices to the last known addresses of Walker. ADP's affidavit of its administrative record verified Walker's addresses as well as the exact date and time that the conversion notices were printed, collated, and shipped to Plaintiff. While we acknowledge Plaintiff's argument that Walker never received the conversion information, Defendants had no reason to believe that Walker's addresses were not accurate given that he received other correspondence from FedEx at the same address, and the check for payment from Walker to FedEx also had the same address.

Walker did not take the additional required steps of formally converting the policy and therefore any claim for its life insurance benefits must be denied. Since Defendants satisfied the minimal requirements under ERISA, and also provided sufficient notification to Walker of his right

to convert his insurance policy, the district court did not err in granting summary judgment on this claim.[4]

**CONCLUSION**

We conclude that Plaintiff may not seek individual recovery of her husband's life insurance benefits under § 1132(a)(2). We further find that ADP did not act as a fiduciary with respect to Plaintiff's life insurance plan inasmuch as ADP did not have discretionary authority or control over the plan. Finally, ERISA does not require individualized notification of an employee's conversion rights and Defendants provided Walker a copy of the summary plan as well as two separate notifications of his right to convert the life insurance policy.

For these reasons, we **AFFIRM** the order of the district court.

---

[4]Both Defendants raised two additional arguments, neither of which were decided by the district court. The first argument was whether the breach of fiduciary claim was barred by the applicable statute of limitations. This issue was not fully developed by the parties and the record is incomplete as to the dates of the filing of appeals to the plan administrator. Therefore, it would be inappropriate for this Court to make a speculative finding concerning the tolling of the statute of limitations and the presence of extenuating circumstances. ADP also argues that Plaintiff's claims should be dismissed for failure to join indispensable parties. Inasmuch as neither claim was ruled upon by the district court, we decline to rule upon these issues on appeal. *See generally Adrian Energy Assoc. v. Michigan Public Serv. Com'n*, 481 F.3d 414, 420 (6th Cir. 2007).