# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2036NI

_____

Carl E. Brant,                        *

                                        *

         Appellant,               *    On Appeal from the United

                                        *    States District Court

    v.                            *    for the Northern District

                                        *    of Iowa.

The Principal Life and Disability   *

Insurance Company; Armour Swift-  *    [Not To Be Published]

Eckrich,                          *

                                          *

         Appellees.              *

_____

Submitted:  September 26, 2002
Filed:  November 7, 2002

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
    Circuit Judges.

_____

PER CURIAM.

This case arose from certain actions taken by Carl E. Brant's former employer, Armour Swift-Eckrich (ASE), and its employee-insurance provider, Principal Life Insurance Company (Principal), when Brant became ill.  This is the second time the case has come before us.  In the first appeal, we construed Brant's claim about the termination of his life insurance liberally and in light of the Employee Retirement Income Security Act (ERISA), and concluded he was entitled to judicial review of the refusal to pay plan benefits.  See Brant v. Principal Life and Disability Ins. Co., No.

00-1379NI, 2001 WL 432235 (8th Cir., Apr. 30, 2001) (per curiam). In this appeal, Brant challenges the District Court's[1] adverse grant of summary judgment following remand. After review of the record, see Shelton v. ContiGroup Cos., 285 F.3d 640, 642 (8th Cir. 2002) (summary judgment standard of review); Delta Family-Care Disability and Survivorship Plan v. Marshall, 258 F.3d 834, 840-41 (8th Cir. 2001) (reviewing de novo district court's application of abuse-of-discretion standard in its review of ERISA plan administrator's decision to terminate benefits), cert. denied, 122 S. Ct. 1173 (2002), we affirm.

In September 1994, when Brant became unable to work as a supervisor in ASE's processed meat department, he had basic life insurance, for which ASE paid the premiums, and supplemental life insurance, for which he paid the premiums. He applied for long term disability (LTD) benefits, submitting his treating physician's statement that he could not work more than an eight-hour shift or in an environment with a temperature below fifty-five degrees. In April 1995 Principal notified Brant that his LTD application had been approved effective March 7; under ASE's group LTD policy, disability is defined--for the first thirty months following a waiting period--as the "inability, solely and directly because of sickness, injury, or pregnancy . . . to perform the majority of the material duties of his or her normal job" (emphasis added).

In April 1995 Brant received a letter from ASE Human Resources Manager D. E. Johnson, stating, "When you become approved for LTD, your contributions for LTD and Supplemental Life will cease. These benefits continue at no cost to you." ASE's group life insurance policy contained a coverage-during-disability (CDD) provision, under which a member (i.e., an active hourly employee scheduled to work) is not required to pay premiums if he becomes disabled while covered; disability is

---

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

defined as the inability "because of sickness or injury . . . to work at <u>any job</u> that reasonably fits [the member's] background and training" (emphasis added). By letter dated August 10, 1995, Principal informed Brant that his life insurance was being terminated because he did not meet the "any job" definition of disability for CDD, and Principal offered Brant an opportunity to convert to an individual policy on a premium-paying basis. Brant took the position that Johnson's April 1995 letter obligated ASE to pay for all his life insurance, and he did not accept Principal's conversion offer. Because neither Brant nor ASE paid his life insurance premiums and he was not entitled to a premium waiver under the CDD provision, Brant's life insurance coverage was terminated on August 31, 1995. Despite receiving information showing that his position on the April 1995 letter from Johnson was unfounded, Brant also declined Principal's renewed conversion offer in 1998.

Brant admitted during discovery that he "was not disabled, as that term is defined in [Principal's] letter . . . on August 10, 1995." Thus, he failed to create a triable issue as to whether the decision to terminate his life insurance constituted an abuse of discretion. See <u>Delta Family-Care Disability</u>, 258 F.3d at 841 (decision to terminate benefits must stand if it is supported by substantial evidence, i.e., it is reasonable).

Brant's reliance on the statement in Johnson's April 1995 letter is misplaced, as the CDD provision is not ambiguous. Thus, he could not prevail at trial on a promissory-estoppel theory, see <u>Fink v. Union Cent. Life Ins. Co.</u>, 94 F.3d 489, 492 (8th Cir. 1996); and even if this Court would entertain a claim of equitable estoppel based on an ERISA plan fiduciary's misrepresentation, Brant presented no evidence showing reasonable and detrimental reliance or extraordinary circumstances, see <u>Curcio v. John Hancock Mut. Life Ins. Co.</u>, 33 F.3d 226, 235-38 (3d Cir. 1994). An ERISA breach-of-fiduciary-duty claim, which also requires proof of reasonable and detrimental reliance, would necessarily fail as well, see <u>Daniels v. Thomas & Betts Corp.</u>, 236 F.3d 66, 73 (3d Cir. 2001), even assuming it would not be time-barred.

-3-

We decline to address arguments Brant did not present to the District Court, see Orr v. Wal-Mart Stores, Inc., 297 F.3d 720, 725 (8th Cir. 2002), or has first raised in his reply brief, see Mahaney v. Warren County, 206 F.3d 770, 771 n.2 (8th Cir. 2000) (per curiam).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-