# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2096
_____

Kristina Powell

*Plaintiff - Appellant*

v.

Minnesota Life Insurance Company; Securian Life Insurance Company

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: January 11, 2023
Filed: February 23, 2023
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Kristina Powell sued Minnesota Life Insurance Company and Securian Life Insurance Company, alleging that their denial of her claim for life insurance benefits violated the Employee Retirement Income Security Act ("ERISA"). The district

court[1] dismissed her complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  We affirm.

**I.**

Kristina's husband, Scott, worked for Deere & Company, which provided him a group life insurance policy issued by Minnesota Life and Securian.  According to the policy's terms, when a covered employee ceased his employment with Deere, he could convert the policy to an individual policy if he applied for conversion and paid the first premium within 31 days of the termination of his employment.  The policy also stated that if the employee died within 31 days of termination, he would automatically receive a death benefit, even if he had not yet applied for conversion or paid the first premium.  Finally, the policy provided that "[n]o change or waiver of any provisions of this policy . . . will be valid unless made in writing by us and signed by our president, vice president, our secretary, or an assistant secretary.  No agent or any other person has the authority to change or waive any provisions of this policy . . . ."

In 2020, Deere offered Scott an early retirement package.  Deere informed Scott both orally and in writing that the terms of his group policy allowed him to convert it into an individual policy upon the termination of his employment.  Deere also told him that he would "receive a notice from the insurance carrier about how to make such a conversion shortly after your Last Day of Active Work."  On August 31, 2020, Scott voluntarily terminated his employment with Deere.  He never received a conversion notice from Minnesota Life or Securian, nor did he apply for conversion or pay any premiums.  On February 5, 2021, Scott died.

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

Following Scott's death, Minnesota Life and Securian sent a letter to his home dated February 24, 2021. It was signed only by "Securian Financial." In relevant part, it read:

> Securian Life Insurance has happily protected you and your family as John Deere's life insurance provider. Due to a recent audit, we discovered you were not provided with your option to keep this coverage when your employment terminated. Unfortunately, due to an error, you did not receive communication about your option to continue coverage after terminating. If you elect to continue coverage, it will be retroactive to the coverage termination date, and premiums must be paid back to that date. . . .
>
> You have the right to keep some or all of the coverage amount(s) listed above through conversion without answering any questions about your health. If you do not want to keep any coverage, you can let it end on its own. . . .
>
> You do not need to take action unless you want to keep the coverage amount(s) listed above. If you want to keep coverage, call 1-866-365-2374. . . . You have until March 27, 2021 to submit your application.

On March 16, 2021, Kristina, as Scott's beneficiary under the policy, submitted a claim for benefits. Minnesota Life and Securian denied her claim as well as her appeal of that denial.

Kristina then filed a two-count federal complaint alleging that the denial of benefits violated ERISA. In Count I, she sought payment of the death benefit under 29 U.S.C. § 1132(a)(1)(B), asserting that Minnesota Life and Securian's February 24 letter constituted an extension of the policy's 31-day period for conversion, that Scott died during that extended period, and that the policy provides for automatic payment of the death benefit where an insured dies during the conversion period. In Count II, she asserted a claim for "breach of fiduciary duty and equitable relief" under 29 U.S.C. § 1132(a)(3), seeking an order "directing Defendants to comply

with the terms of the conversion provision under the Plan and its Letter of February 24 . . . and to pay the life insurance benefits rightly due."

Minnesota Life and Securian filed a Rule 12(b)(6) motion to dismiss Kristina's complaint, which the district court granted. The district court concluded that the February 24 letter did not alter the terms of the policy and thus did not extend the policy's 31-day conversion window. Because it was undisputed that Scott did not apply for conversion within 31 days of his termination from Deere, the court reasoned, Kristina's claim for benefits was properly denied. Kristina appeals.

## II.

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019) (internal quotation marks omitted). We review a district court's dismissal under Rule 12(b)(6) *de novo*, "assuming all factual allegations as true and construing all reasonable inferences in favor of the nonmoving party." *Id.*

### A.

We start with Kristina's § 1132(a)(1)(B) claim. Section 1132(a)(1)(B) allows a life insurance beneficiary to "recover benefits due to him under the terms of his plan." The terms of Scott's group policy therefore govern the viability of Kristina's claim for benefits. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

Kristina does not dispute that the terms of the policy required Scott to apply for conversion within 31 days of his departure from Deere. Nor does she contest that Scott never applied for conversion. Instead, she argues that Minnesota Life and Securian's February 24 letter extended the policy's conversion period—the start of the period being August 31, 2020, Scott's last day with Deere, and the end being

March 27, 2021.  Because Scott died during this extended conversion period and because the policy provides for automatic payment of a death benefit where an insured dies within the conversion period, Kristina contends that she is entitled to the death benefit.

We reject Kristina's argument for two reasons.  First, the February 24 letter did not comply with the policy's requirements governing term modification.  The policy provides that "[n]o change or waiver of any provisions of this policy . . . will be valid unless made in writing by us and signed by our president, vice president, our secretary, or an assistant secretary.  No agent or any other person has the authority to change or waive any provisions of this policy . . . ."  Because the February 24 letter was not signed by a president, vice president, secretary, or assistant secretary, it was ineffective to change the policy's requirement that Scott apply for conversion within 31 days of leaving Deere.  Scott did not apply for conversion during the period required by the plan, so Kristina's claim for benefits was properly denied.

Second, even if the February 24 letter had been properly signed and was therefore capable of altering the policy's terms, it does not purport to "extend" Scott's conversion window as Kristina claims.  Once again, the letter states:

> Unfortunately, due to an error, you did not receive communication about your option to continue coverage after terminating.  If you elect to continue coverage, it will be retroactive to the coverage termination date, and premiums must be paid back to that date. . . .  You have until March 27, 2021 to submit your application.

The word "it" unambiguously refers to "coverage," not the "option to continue coverage."  *See Oberbillig v. W. Grand Towers Condo. Ass'n*, 807 N.W.2d 143, 151 (Iowa 2011) (explaining that "referential, relative, or qualifying words" in contracts ordinarily refer "only to the immediately preceding antecedent").  Contrary to Kristina's argument, then, the letter did not extend the original conversion period that ended 31 days after Scott left Deere, in October 2020.  Rather, it offered a *new*

31-day period, from February 24 to March 27, 2021, during which Scott could apply for conversion and receive coverage retroactive to his departure from Deere. But because Scott died on February 5, 2021, outside of this new window, his death did not trigger the policy's automatic-death-benefit provision. Accordingly, the district court did not err in dismissing Kristina's § 1132(a)(1)(B) claim.

B.

We turn now to Kristina's § 1132(a)(3) claim. Section 1132(a)(3) allows ERISA-plan beneficiaries like Kristina to obtain "appropriate equitable relief" to redress breaches of fiduciary duty. *See Silva v. Metro. Life Ins*., 762 F.3d 711, 717 (8th Cir. 2014). Three equitable theories of recovery are available in a breach-of-fiduciary-duty claim under § 1132(a)(3): surcharge, reformation, and estoppel. *Id*. at 720. Kristina identifies her theory of recovery as estoppel, which "operates to place the person entitled to its benefit in the same position he would have been in had the [fiduciary's] representations been true." *See id*. at 723-24; *see also Brant v. Principal Life & Disability Ins*., 50 F. App'x 330, 332 (8th Cir. 2002).

Kristina alleges that Minnesota Life and Securian breached their fiduciary duty by failing to notify Scott of his conversion rights and by misrepresenting in the February 24 letter that Scott's conversion period would be extended. To remedy these alleged breaches, Kristina seeks an order directing Minnesota Life and Securian to comply with the terms of the policy and the February 24 letter and to pay her the death benefit. Such an order, Kristina says, will place her in the same position she would have been in had Minnesota Life and Securian extended Scott's conversion period as promised.[2] *See Silva*, 762 F.3d at 723.

---

[2]Minnesota Life and Securian argue that dismissal of Kristina's § 1132(a)(3) claim was proper because the claim is "duplicative" of her § 1132(a)(1)(B) claim in that it seeks the same relief: payment of the death benefit. In *Jones v. Aetna Life Ins*., 856 F.3d 541, 546-47 (8th Cir. 2017), however, we rejected this argument, explaining that a plaintiff may seek relief under both § 1132(a)(1)(B) and § 1132(a)(3) so long as the claims "allege distinct theories of liability," as here.

Assuming all factual allegations as true and construing all reasonable inferences in her favor, we conclude that the district court properly dismissed Kristina's § 1132(a)(3) claim. First, her contention that Minnesota Life and Securian failed to notify Scott of his conversion right does not amount to a breach of fiduciary duty because the terms of Scott's policy did not require notice, and Kristina points to no provision of ERISA that would require such notice. *See Vest v. Resolute FP US Inc.*, 905 F.3d 985, 989 (6th Cir. 2018) (explaining that ERISA's notice provisions do not extend to group life insurance policies); *see also Maxa v. John Alden Life Ins.*, 972 F.2d 980, 986 (8th Cir. 1992) ("[T]his Court does not construe ERISA or the regulations under it to require that the [insurer] had a duty individually to warn, upon their sixty-fifth birthdays, each and all of the members of the plans which it insured that their benefits would be reduced according to the plan's coordination of benefits provision unless they enrolled in Medicare."). Second, as we already concluded, her assertion that Minnesota Life and Securian misrepresented that Scott's conversion window would be extended rests on a misreading of the February 24 letter; Minnesota Life and Securian made no such representation. Accordingly, the district court did not err in dismissing Kristina's § 1132(a)(3) claim.

## III.

For the foregoing reasons, we affirm the district court's dismissal of Kristina's complaint.

_____